81.003-03

CAUSE NO. 1993-CR-0145-W2

| | |
|---|---|
| WILBERT PATRICK STEWART | IN THE DISTRICT COURT |
| TDCJ-ID # 1833832 | 226TH JUDICIAL DISTRICT |
| Relator | BEXAR COUNTY, TEXAS |
| V. | |
| BEXAR COUNTY DISTRICT CLERK | |
| DONNA KAY McKINNEY | |
| BEXAR COUNTY DISTRICT CLERK | |
| Respondant | |

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 06 2015

Abel Acosta, Clerk

## PLAINTIFFS ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Wilbert Stewart Relator, pro se in the above-styled and numbered cause of action and files this Original Application for Writ of Mandamus, pursuant to Article 11.07 Section 3 [c] of Texas Code of Criminal Procedure, and would show the court the following: This is relator [2] second application writ post-conviction application 11.07 Habeas Corpus to the said 226TH Judicial District Bexar County, Texas. Relator recieved notice from NICHOLAS "NICO" LAHOOD, BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY, PAUL ELIZONDO TOWER, 101 W. NUEVA, SAN ANTONIO, TEXAS 78205 [Appeals Division] notified that relator petition was filed on February 26, 2015. The state was served by the District Clerk of Bexar County on March 9, 2015. Which thus on First writ

application on post-conviction writ of habeas corpus disposed relators claim for unrelated merits. When an evidetary hearing should have been held. For the simple fact the power is in thus the said court room to take care of the issue. Now on Relator second writ application on post-conviction writ of habeas corpus the District Clerk is commiting a mistrial act by not notifing relator of any issue on the cause.

## I.

Wilbert Patrick Stewart TDCJ#1833832 is an offender incarcerated in the Texas Deptartment of Criminal Justice and is appearing pro se, who can be located at Wilbert Patrick Stewart #1833832, Ellis Unit, 1697 Fm 980, Huntsville, Texas 77343. Relator has exhausted his remedies and has no other adequate remedy at law. TCCP Art. 11.07 Section 3(c) requires Respondant to immediately transmit to the Court of Criminal Appeals a copy of application for writ of habeas corpus and answer filed and certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for writ of habeas corpus, any answer filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals by Respondant as required by statute. Relator would have received notice from the Court of Criminal Appeals

## II.

Respondant Donna Kay McKinney, in his/her capicity as District Clerk of Bexar County, Texas has a ministerial duty

p. 2

to recieve and file all papers in criminal proceedings and perform all other duties imposed on the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answer filed and certificate reciting the date upon which that finding was made if convicting court decides that there are no issues to be resolved. Donna Kay McKinny District Clerk, Bexar County be served at his/her place of business at Bexar County District Clerk, 101 W. Nueva, Suite 217, San Antonio, Texas 78205.

## III.
## VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The Respondant violated Article 11.07 section 3 (c) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for writ of habeas corpus, any answers filed and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted. Requests for the transmittal of the application for writ of Habeas Corpus, any answer filed and a Certificate reciting the date upon which that finding was made were made by Relator to Donna Kay McKinney, District Clerk, Bexar County by certified mailed letters date February 20, 2015. Pursuant to Article 11.07 section 3 (c) of the Code of Criminal Procedure, True attached here to as Exibit "A" and incorporated by

referance herein for all purpose. To date, Relator's has recieved no response transmittal of a copy of the application for writ of habeas corpus, any answer filed, and a certificate reciting the date upon which that finding was made to the court of Criminal Appeals. As is clear from Relators letters, Relator has repeatedly put Respondant on notice that Relator seeks the transmittal copy of the application for writ of habeas corpus, any answer filed and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals to act on Relators writ of habeas Corpus. Relator has gone well beyond any requirment or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondant has wholly failed to comply with the Texas Code of Criminal Procedure Article 11.07 section 3 (c) is acting in bad faith and has also failed to afford Relator the Professio-nal and common courtesy of any written response to his correspodence and requests. Article 11.07 Section 3(c) clearly states that "[I]f the convicting court decides that there are no such issues, the clerk shall immediat-ely transmitt post-conviction 1107 habeas corpus to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which the finding was made. Failure of the court to act within the allowed 20 days shall constitute such finding." Texas Code of Criminal Procedure Article 11.07

sec 3 (c). Respondant is in violation of this proceeding, ministerial duties and thus the law of this state

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERD, Relator Wilbert Patrick Stewart, Pro Se, respectfully request a finding that the Respondant did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an order directing for writ of habeas corpus, any answers filed, and certificate reciting the date upon which that finding, and a certificate reciting the date upon which the finding was made to the Court of Criminal Appeals as directed in Article 11.07 section 3 (c) of the Texas Code of Criminal Procedure and a requested in Relator's letter pRxibit "A"'s

Respectfully submitted

By: Wilbert Patrick Stewart
RELATOR

THE STATE OF TEXAS
COUNTY OF WALKER

AFFIDAVIT

I swear under oath that the facts and allegations in the above Application for WRIT OF MANDAMUS are true and correct.

Wilbert Patrick Stewart
Relator

SIGNED UNDER OATH BEFORE ME, on this the 2 day of April, 2015.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above APPLICATION FOR WRIT OF MANDAMUS was served to Court of Criminal Appeals by placing a copy in the U.S. Mail addressed TO; Court of Criminal Appeals on this 2 day of April 2015.

RELATOR

AL.

CAUSE NO. 1993-CR-0145-W2

WILBERT PATRICK STEWART          IN THE DISTRICT COURT
TDCJ-ID # 1838832                226TH JUDICIAL DISTRICT
        Relator                  BEXAR COUNTY, TEXAS

        v.

BEXAR COUNTY DISTRICT CLERK
DONNA KAY McKINNEY
BEXAR COUNTY DISTRICT CLERK
                Respondent

                ORDER

    On this day, came on to be heard the foregoing
Relator's Application for Writ of Mandamus and it appears to
the Court that the same should be:
                GRANTED


    IT IS THEREFORE ORDERED THAT the District Clerk
shall immediately transmit to the Court of Criminal Appeals
a copy of the application for Writ of Habeas Corpus, any
answers filed, and a certificate reciting the date upon
which that transmittal was made

    SIGNED on this the ___ day of ___, 2015.



                _____
                PRESIDING JUDGE